# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK
# BUFFALO DIVISION

| | |
|---|---|
| MICHAEL DOKNOVITCH, | ) |
| | ) |
| Plaintiff, | )   1:18-cv-00722 |
| | ) |
| v. | ) |
| | ) |
| ROBERT R. RADEL, | ) |
| ATTORNEYS AT LAW, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, MICHAEL DOKNOVITCH, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC, and for his Complaint against the defendant, ROBERT R. RADEL, ATTORNEYS AT LAW, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MICHAEL DOKNOVITCH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the Town of Newfane, County of Niagara, State of New York.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Buffalo Dental Group, LLP (hereinafter, "the Debt").

6. The Debt was for dental services which were provided to Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ROBERT R. RADEL, ATTORNEYS AT LAW, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of New York.  Defendant's principal place of business is located in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about October 3, 2011, Plaintiff visited Buffalo Dental Group, LLP to obtain dental services.

15. On or about October 3, 2011, Plaintiff completed a form for intake purposes in which he provided answers to questions about his address, employer, identification, and similar information.

16. At the end of the aforesaid intake form, the following language appeared: "In the case of default on payment of this account, I agree to pay collection costs and reasonable attorney fees incurred in attempting to collect on this amount or any future outstanding account balances."

17. Plaintiff received the final portion of the dental services provided by Buffalo Dental Group, LLP on November 9, 2011.

18. Plaintiff made a single payment of $175.00 toward the Debt on or about April 9, 2012.

19. Between April 9, 2012 and March 16, 2018, Buffalo Dental Group, LLP made no attempt to seek payment from Plaintiff.

20. Nevertheless, on or about July 31, 2012, Buffalo Dental Group, LLP unilaterally added a "collection fee" of $489.90 to the Debt.

21. Upon information and belief, Buffalo Dental Group, LLP asked Defendant to attempt to collect the Debt from Plaintiff in or around March of 2018.

22. On or about March 16, 2018, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff. (A true and exact copy of said correspondence is attached hereto as **Exhibit A**).

23. In the aforesaid correspondence, Defendant stated that it was attempting to collect from Plaintiff $1,889.64, which was comprised of $1,399.74 for dental services "plus contractual legal fees of $489.90".

24. The "contractual legal fees" which Defendant sought amount to exactly 35% of the amount of the Debt before such fees were added.

25. Although the intake form completed by Plaintiff referenced the possibility of collection costs or reasonable attorney fees, Defendant's correspondence stated specifically that the added fee was for "legal fees."

26. The 35% fee was added to the Debt on July 31, 2012, long before any legal fees could have possibly been incurred.

27. Plaintiff has never agreed that Buffalo Dental Group, LLP would be entitled to an additional 35% of the Debt in the event that the Debt was not timely paid.

28. At the time the 35% fee was added to the Debt, no efforts to collect the Debt had been made.

29. At the time the 35% fee was added to the Debt, Buffalo Dental Group, LLP had not retained Defendant to collect the Debt.

30. At the time the 35% fee was added to the Debt, no attorney fees had been incurred.

31. At the time the 35% fee was added to the Debt, no amount of attorney fees would be reasonable because, at the time, none had been incurred.

32. The aforesaid representation that Plaintiff owed $1,889.64, including $489.90 in "contractual legal fees" was therefore false, deceptive and misleading given that the $489.90 that was added was in fact a 35% fee that was unilaterally added by Buffalo Dental Group, LLP in 2012, long before Defendant had become involved.

33. The aforesaid representation that Plaintiff owed $1,889.64, including $489.90 in "contractual legal fees" misrepresented the character, amount, and/or legal status of the Debt

given that Plaintiff had never agreed that Buffalo Dental Group, LLP was entitled to an additional 35% of the Debt in the event that the Debt was not timely paid.

34. In its attempts to collect the debt allegedly owed by Plaintiff to Buffalo Dental Group, LLP, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
>
> b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);
>
> c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);
>
> d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;
>
> e. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);
>
> f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

## V. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL DOKNOVITCH, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

      Respectfully submitted,
      **MICHAEL DOKNOVITCH**

    By: s/ Adam Anderson
      Attorney for Plaintiff

Dated: June 28, 2018

Adam C. Anderson (Bar No. 4151593)
ANDERSON BANTA CLARKSON PLLC
48 North Macdonald
Mesa, AZ 85201
Telephone: (480) 272-5983
Facsimile: (480) 522-3649
E-Mail: adam@abclawgroup.com