UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL DOKNOVITCH,

                          Plaintiff,

v.

ROBERT R. RADEL, ATTORNEYS AT LAW,

                          Defendant.

_____

REPORT
and
RECOMMENDATION
-----------------------------
DECISION
and
ORDER

18-CV-00722V(F)

APPEARANCES:     ANDERSON BANTA CLARKSON PLLC
                          Attorneys for Plaintiff
                          ADAM CHRISTIAN ANDERSON, of Counsel
                          48 N. MacDonald
                          Mesa, Arizona 85201

                          ROBER R. RADEL, ESQ.
                          Attorney for Defendant
                          174 Franklin Street
                          Buffalo, New York 14202

## **JURISDICTION**

      This case was referred to the undersigned by Honorable Lawrence J. Vilardo on September 19, 2018, for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motions to dismiss the complaint and for costs and attorney fees (Dkt. 3), filed August 11, 2018, and to dismiss the amended complaint and for costs and attorney fees (Dkt. 7), filed August 31, 2018, and Plaintiff's motion to strike (Dkt. 8), filed September 11, 2018.[1]

---

[1] Although Defendant's motions to dismiss are dispositive, whereas Plaintiff's motion to strike is nondispositive, *Krause v. Buffalo & Erie County Workforce Development Consortium, Inc.*, 425 F.Supp.2d 352, 357 n. 1 (W.D.N.Y. 2006), all three motions are addressed in this combined Report and Recommendation/Decision in Order in the interest of judicial economy.

## BACKGROUND

Plaintiff Michael Doknovitch ("Plaintiff"), commenced this action on June 28, 2018, alleging Defendant, Robert R. Radel, Attorneys at Law ("Defendant"), violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA" or "the Act"), in connection with Defendant's attempt to collect a debt allegedly owed by Plaintiff to Buffalo Dental Group, LLP ("Creditor"). On August 11, 2018, Defendant filed a motion seeking to dismiss the complaint for failing to state a claim and for summary judgment requesting costs and attorney fees incurred in defending the action (Dkt. 3) ("Defendant's First Motion"), attaching, *inter alia*, Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint and [for Summary Judgment] [2] for Costs and Attorney Fees (Dkt, 3-11) ("Defendant's First Memorandum"). Plaintiff filed no opposition to the First Motion to Dismiss; rather, on August 24, 2018, Plaintiff filed an amended complaint (Dkt. 5) ("Amended Complaint"), again alleging Defendant violated the FDCPA in attempting to collect a debt Plaintiff allegedly owed to Creditor, but adding several new factual allegations. Despite Plaintiff's filing of the Amended Complaint, on August 31, 2018, Defendant filed Defendant's Reply in Support of the Defendant's Motion to Dismiss the Complaint and [for Summary Judgment] for Costs and Attorneys Fee (Dkt. 6) ("Defendant's First Reply").

Defendant also filed on August 31, 2008, a motion to dismiss the Amended Complaint for failure to state a claim and for summary judgment for costs and attorney fees (Dkt. 7) ("Defendant's Second Motion"), attaching Defendant's Statement of

---

[2] Unless otherwise indicated, bracketed material has been added.

Material and Indisputable Facts in Support of Defendant's Motion to Dismiss the First Amended Complaint and [for Summary Judgment] for Costs and Attorney Fees (Dkt. 7-1) ("Defendant's Statement of Facts"), the Affidavit of Robert R. Radel, Esq. ("Radel") in Support of Defendant's Motion to Dismiss the First Amended Complaint and [for Summary Judgment] for Costs and Attorney Fees (Dkt. 7-1) ("Radel Affidavit"), the Affidavit of Kristen Geary in Support of Defendant's Motion to Dismiss the Complaint and [for Summary Judgment] for Costs and Attorney Fees (Dkt. 7-3) ("Geary Affidavit"), exhibits A through I (respectively, Dkts. 7-4 through 7-12) ("Defendant's Exh(s). __"), and Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the First Amended Complaint and [for Summary Judgment] for Costs and Attorney Fees (Dkt. 7-13) ("Defendant's Second Memorandum"). The arguments contained in Defendant's Second Motion are essentially the same as those asserted in Defendant's First Motion.

On September 11, 2018, Plaintiff filed Plaintiff's Motion to Strike Defendant's Reply in Support of Its Motion to Dismiss (Dkt. 8) ("Plaintiff's Motion").

On September 14, 2018, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint and [for Summary Judgment] for Costs and Attorney Fees (Dkt. 9) ("Plaintiff's Response to Defendant's Second Motion").

On October 24, 2018, Defendant filed Defendant's Response and Opposition to the Plaintiff's Motion to Strike Document Number 6 (that being a certain motion paper of the Defendant) (Dkt. 12) ("Defendant's Response to Plaintiff's Motion").

On November 7, 2018, Defendant filed Defendant's Reply in Support of the Defendant's Motion to Dismiss the Amended Complaint and [for Summary Judgment] for Costs and Attorney Fees (Dkt. 13) ("Defendant's Second Reply").

On November 7, 2018, Plaintiff filed Plaintiff's Reply in Support of His Motion to Strike Defendant's Reply in Support of Its Motion to Dismiss (Dkt. 14) ("Plaintiff's Reply").

Oral argument was deemed unnecessary.

Based on the following, Defendant's First Motion is DISMISSED as moot; Defendant's Second Motion should be GRANTED in part, and DENIED in part; Plaintiff's Motion is DISMISSED as moot.

## **FACTS**[3]

On October 3, 2011, Plaintiff Michael Doknovitch ("Plaintiff" or "Doknovitch") went to Buffalo Dental Group, LLP ("the Creditor" or "Buffalo Dental") for dental services, completing a form questionnaire ("the Contract"),[4] seeking such patient identification information as name, address, employer, insurance, as well as the party who would be responsible for paying for the dental services rendered by Buffalo Dental. The Contract provides for the collection of late charges if not paid within 25 days of the monthly billing date, and that

> [i]n the case of default on payment of this account, I agree to pay collection costs and reasonable attorney fees incurred in attempting to collect on this amount or any future outstanding account balance.

Contract at 2.

---

[3] Taken from the pleadings and motion papers filed in this action.
[4] Dkts. 3-3; 7-4.

Plaintiff's final dental treatment was November 9, 2011, and between October 3, 2011 and April 9, 2012, Plaintiff made payments for the dental services totaling $ 911.[5] For the period between March 5, 2012 and July 5, 2012, Plaintiff was assessed finance charges on the unpaid account balance totaling $ 103.74, and as of July 31, 2012, the unpaid balance of Plaintiff's account was $ 1,399.74,[6] which Buffalo Dental turned over to Defendant Robert R. Radel, Attorneys at Law ("Defendant" or "the Law Firm") for collection, with a collection fee of $ 489.90 assessed. Defendant took no action to collect the debt until, by letter dated March 16, 2018 ("Demand Letter"),[7] Defendant advised Plaintiff that Buffalo Dental had retained the Law Firm to collect the balance of Plaintiff's account owed, being $ 1,399.74 ("unpaid account balance"), plus "contractual legal fees of $ 489.90" ("legal fee") for a total claim amount of $ 1,889.64 ("the subject debt"), advising the Demand Letter is "an attempt to collect a debt." Demand Letter at 1. By letter dated March 23, 2018 ("Plaintiff's March 23, 2018 Letter"),[8] Plaintiff responded that he disputed the subject debt because he never received an itemized bill from the Creditor for the unpaid account balance and further objecting to the assessed legal fee without Plaintiff first being given the opportunity to make arrangements to pay the unpaid account balance. Defendant responded by letter dated March 23, 2018 ("Defendant's March 23, 2018 Letter"),[9] providing Plaintiff with a copy of the Contract and the Single Patient Ledger showing the billing and payment history on Plaintiff's account, as well as the July 31, 2012 assessment of the $ 489.90 "collection fee," and

---

[5] Information pertaining to Plaintiff's dental account is taken from the Buffalo Dental Single Family Ledger filed by Defendant as Dkt. 3-8 at 5 and as Dkt. 7-9 at 5.
[6] Nothing in the record indicates further late fees were ever assessed on the unpaid balance of Plaintiff's Buffalo Dental account.
[7] Dkts. 3-6; 7-7.
[8] Dkts. 3-7; 7-8.
[9] Dkts. 3-8; 7-9.

advising such documents provided support for the subject debt. By letter to Defendant dated April 24, 2018 ("Cease and Desist Letter"),[10] David Marco, Esq. ("Marco") advised he had been retained to represent Plaintiff with regard to Defendant's attempt to collect the subject debt, instructing Defendant to cease and desist all further communications with Plaintiff, asserting Defendant's attempt to collect the subject debt violated the FDCPA, and seeking Defendant's cooperation in settling the matter without resort to litigation. Enclosed with the Cease and Desist Letter was a copy of a complaint Plaintiff intended to file if the matter was not amicably resolved, characterizing the debt collection attempt as in violation of the FDCPA because the $ 489.90 did not qualify as legal fees incurred by Defendant but, rather, is an additional 35% of the unpaid account balance Buffalo Dental "unilaterally" added before remitting the debt for collection by Defendant. By letter to Marco dated May 30, 2018 ("Settlement Letter"),[11] Defendant advised the legal fee had indeed been earned prior to March 16, 2018, attaching a quantum meruit statement of the legal fee ("Attorney's Fee Statement"),[12] indicating the value of the services purportedly rendered in seeking to collect the unpaid account balance based on the time expended and Defendant's hourly rate was $ 200. Defendant further requested Marco respond in writing "marked 'personal and confidential'" advising whether Plaintiff intended to pursue the complaint. No such response was received by Defendant, and on June 28, 2018, Plaintiff filed the complaint, thereby commencing the instant action.[13]

---

[10] Dkts. 3-9; 7-10.
[11] Dkts. 3-10; 7-11.
[12] Dkts. 3-10 at 7; 7-11 at 7.
[13] The parties do not dispute Plaintiff has not paid to Defendant any portion of the subject debt and that as of April 9, 2018, Defendant's claim became time-barred under the six-year limitations period applicable to contract actions in New York. *See Espinal v. AFNI, Inc.*, 2018 WL 2733366, at * 1 (S.D.N.Y. June 7,

6

## DISCUSSION

**1.     Preliminary Considerations**

Although the instant action is brought under the FDCPA, Plaintiff is not challenging Defendant's attempt to collect on the entire subject debt but, rather, in both the Complaint and Amended Complaint, Plaintiff maintains the $ 489.90 legal fee included in the subject debt was never previously disclosed to Plaintiff and was not earned by Defendant in attempting to collect on the unpaid account balance. *See* Complaint ¶ 25 (alleging the Contract refers only to "collection costs or reasonable attorney fees"), and Amended Complaint ¶ 35 (alleging the legal fee was "an estimated and/or contingent collection fee that only could be owed by Plaintiff upon Defendant's successful collection of the principal balance of the Debt."). Plaintiff does not dispute that $ 1,399.74 remains unpaid on his account with Buffalo Dental, nor do the parties dispute that because more than six years have elapsed since Plaintiff's last payment on the account was made on April 9, 2012, and any further attempt by Defendant to recover the debt is time-barred by New York's six-year limitations period for contract actions. In both Defendant's First Motion and Second Motion, Defendant seeks dismissal of Plaintiff's FDCPA claims, as well as to recover the costs and attorney fees Defendant incurred in defending the instant action pursuant to 15 U.S.C. § 1962(k)(3), arguing the legal fees included in the subject debt were expressly authorized by the FDCPA, such that the commencement of this action was in bad faith and for the purpose of harassing Defendant.

---

2018) (holding New York's six-year statute of limitations pertains to contract action under the FDCPA and citing N.Y. Civ.Prac.L.&R. § 213[2]).

7

**2.    FDCPA**[14]

Plaintiff asserts claims for relief under the FDCPA alleging Defendant, by using false, deceptive or misleading representations or means, or unfair or unconscionable means in connection with its attempt to collect the subject debt, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).  "Congress enacted the FDCPA to eliminate 'abusive practices in the debt collection industry, and . . . to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'"  *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)))).  The FDCPA prohibits "the false representation of . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  15 U.S.C. § 1692e(2)(B).  "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector.  The Act 'is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages.'"  *Ellis*, 591 F.3d at 135 (quoting *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993)).  Further, a single violation of the FDCPA is sufficient to impose damages.  *Ellis*, 591 F.3d at 133.

**3.    Defendant's Motion for Costs and Attorney Fees**

Both Defendant's First and Second Motions contain the nearly identical request for an award of attorney fees under 15 U.S.C. § 1692k(a)(3) ("§ 1692k(a)(3)"), which provides

---

[14] To assist the reader, the provisions of the FDCPA relevant to this action are briefly discussed.

8

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

As discussed, Discussion, *supra*, at 7, it is Defendant's contention that because the six-year statute of limitations relevant to the subject debt elapsed three weeks after Defendant sent the Demand Letter, the subject debt became uncollectible before Plaintiff commenced the instant action, such that Plaintiff's filing of this action was in bad faith and intended to harass Defendant. With regard to Defendant's First Motion, to which Plaintiff filed no response, Defendant maintains that Plaintiff's filing of the Amended Complaint on August 24, 2018,[15] rendered moot Defendant's First Motion insofar as it seeks dismissal under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), of the FDCPA claims for failure to state a claim, but not as to the further request for summary judgment under Fed.R.Civ.P. 56 ("Rule 56"), on Defendant's request under § 1692k(a)(3) for costs and attorney fees premised on Defendant's assertion that the instant action was commenced in bad faith and to harass Defendant, Plaintiff has thereby defaulted as to any opposing argument that could have been raised in opposition to Defendant's request for summary judgment, and thereby essentially conceded that Defendant is entitled to such costs and attorney fees. Defendant's First Reply ¶¶ at 4-7. As noted, Plaintiff has moved pursuant to Fed.R.Civ.P. 12(f) ("Rule 12(f)"), to strike Defendant's First Reply on the basis that the filing of the Amended Complaint rendered Defendant's First Motion, including summary judgment on Defendant's request for an award of costs and attorney's fees under § 1692k(a)(3) moot, and negating the need for Plaintiff to respond to Defendant's First Motion.

---

[15] Per Judge Vilardo's August 14, 2018 Text Order (Dkt. 4), Plaintiff had until August 28, 2018 to respond to Defendant's First Motion.

Plaintiff's Memorandum ¶¶ 4-7.  Plaintiff further maintains that Defendant's arguments raised in Defendant's First Motion in support of an award of costs and attorney's fees can be addressed by the court in connection with Defendant's Second Motion raising the same arguments.  *Id.* ¶¶ 8-9.  Defendant argues in opposition that Rule 12(f), which permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, or impertinent or scandalous matter," does not provide for the relief Plaintiff seeks because Defendant's First Reply is not a pleading as defined under Fed.R.Civ.P. 7, Defendant's Response ¶¶ 10-13, and reiterates Defendant's contention that by failing to timely file a response to that portion of Defendant's First Motion seeking summary judgment on the request for an award of costs and attorney's fees, Plaintiff has defaulted as to such claim requiring the court grant summary judgment on Defendant's request.  *Id.* ¶¶ 21-23.  In further support of the motion to strike, Plaintiff reasserts his arguments that the filing of the Amended Complaint rendered both the Complaint and Defendant's First Motion moot such that there was no viable document to which Plaintiff could file a response, Plaintiff's Reply at 1.  Plaintiff also characterizes Defendant's reference to its First Motion as seeking both dismissal of the Complaint for failure to state a claim and for summary judgment as alternative requests as evidenced by the numerous exhibits Defendant filed in support of Defendant's First Motion, thereby indicating Defendant anticipated the motion would be converted to one for summary judgment, asserting the filing of the Amended Complaint prevented the conversion of Defendant's First Motion from one for dismissal of the Complaint into one for summary judgment, thereby mooting the motion.  *Id.* at 3-4.

Defendant's argument that it is entitled to summary judgment on its claim for costs and attorney fees is flawed because costs and attorney fees may not be awarded until <u>after</u> the court has determined that the action was brought in bad faith or to harass the defendant.  *See Elder v. David J. Gold, P.C.*, 2009 WL 2580320, at * 2 (W.D.N.Y. Aug. 18, 2009) (treating defendant's request under § 1692k(a)(3) for costs and attorney fees as a counterclaim on which court declined to act pending resolution of the plaintiff's FDCPA claim and citing *Hardin v. Folger*, 704 F.Supp.355, 356-57 (W.D.N.Y. 1988) (holding the defendant's request for costs and attorney fees under § 1692k(a)(3) must be reserved till the merits of the case have been resolved)).  In the instant case, because the Amended Complaint supersedes and renders moot the Complaint, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("it is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect" (internal quotation marks and citation omitted)), the court will not consider the merits of the arguments asserted in Defendant's First Motion seeking dismissal of Plaintiff's FDCPA claims for failure to state a claim and for summary judgment on Defendant's request for costs and attorney fees.  Accordingly, there can be no judicial determination under Defendant's First Motion on which to base an award of costs and attorney's fees.  As such, Defendant's First Motion is DISMISSED as moot; Plaintiff's Motion is therefore also DISMISSED as moot.

4. **Failure to State a Claim**

Included in Defendant's Second Motion directed toward the Amended Complaint is a request pursuant to Rule 12(b)(6) to dismiss Plaintiff's FDCPA claims for failure to

state a claim.[16] A complaint, to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The complaint's factual allegations "must be enough to raise above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570. *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (reviewing motion to dismiss under 12(b)(6), "accepting as true the factual allegations in the complaint and drawing all references in the plaintiff's favor").

The "plausibility standard" applicable to a Rule 12(b)(6) motion to dismiss "is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citing *Twombly*, 550 U.S. at 544 (2007), and quoting *Iqbal*, 556 U.S. at 678). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[16] Although Defendant's Second Motion also seeks summary judgment on Defendant's request for an award of costs and attorney's fees pursuant to § 1692k(a)(3), because the undersigned is recommending denying Defendant's Second Motion insofar as Defendant moves to dismiss the FDCPA claims for failure to state a claim, the court will not address Defendant's request for attorney's fees. *See* Discussion, *supra*, at 8-11.

suffice.'" *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Unless the plaintiff pleads "enough facts to state a claim that is plausible on its face" so as to "nudge[ ] their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), "a court may consider the complaint as well as 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference. *Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc.,* 742 F.3d 42, 44 n. 1 (2d Cir. 2014) (quoting *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001)). A court may also consider "matters of which judicial notice may be taken, [and] documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

As previously stated, in the instant case, Plaintiff does not dispute the $ 1,399.74 unpaid account balance with Buffalo Dental but, rather, the $ 489.90 legal fee added to the subject debt, asserting such fee is a collection fee, which is precisely 35% of Plaintiff's unpaid account balance, was unilaterally added by Buffalo Dental before the account was turned over to Defendant and before any collection work occurred and, thus, was not earned, and that such fee was contingent upon Defendant successfully

13

collecting the underlying unpaid account balance. Because the legal fee was included in the subject debt Defendant sought to collect from Plaintiff, Plaintiff asserts several FDCPA claims, including Defendant (1) used false, deceptive, misleading and unfair or unconscionable means to attempt to collect an alleged debt in violation of 15 U.S.C. § 1692e; (2) falsely represented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); (3) used false representation or deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10); (4) used unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. § 1692f; and (5) collected funds from Plaintiff without lawful authority to do so, in violation of 15 U.S.C. § 1692f(1). Amended Complaint ¶ 41(a)-(e). In moving to dismiss Plaintiff's FDCPA claims, Defendant argues the inclusion of the legal fee in the subject debt did not violate the FDCPA which permits a debt collector to recover a collection fee in addition to the amount owed to the creditor, Defendant's Second Memorandum at 6-8, and a law firm operating as a debt collector may recover reasonable attorney fees for work performed on the debtor's file prior to sending a demand letter, *id.* at 8-10, such that Plaintiff cannot state a claim for an FDCPA violation, and because the subject debt, including the unpaid account balance and the legal fee, is now time-barred and uncollectible, Plaintiff suffered no contract damages.[17] *Id.* at 11-13. In opposition, Plaintiff argues Defendant's inclusion of the legal fee in the subject debt, misrepresented the character and amount of the subject debt, in violation of the FDCPA. Plaintiff's Response at 7-12. In further support of dismissal, Defendant argues

---

[17] Defendant does not address whether Plaintiff suffered statutory damages.

Plaintiff has failed to provide any evidence[18] refuting Defendant's assertion that the legal fee was earned before Defendant sent the Demand Letter, Defendant's Second Reply at 4-7, and misconstrues the caselaw on which Defendant relies in support of dismissal. *Id.* at 7-10.

Preliminarily, with regard to Plaintiff's claim that Defendant violated 15 U.S.C. § 1692f(1) ("§ 1692f(1)"), by actually collecting from Plaintiff an amount that Defendant was without lawful authority to collect, Amended Complaint ¶ 41(e), nowhere in the Amended Complaint is there any allegation that Defendant actually collected any funds from Plaintiff. *See* Amended Complaint, *passim*. Thus, the Amended Complaint does not plausibly allege a violation of § 1692f(1). Accordingly, Defendant's Second Motion should be GRANTED as to Plaintiff's FDCPA claim asserted under § 1692f(1).

With respect to the legal fee at the heart of this dispute, that the FDCPA permits the collection of a contractual legal fee where such fee is "expressly authorized by the agreement creating the debt . . . ." 15 U.S.C. § 1692f(1). *See Sierra v. Foster & Garbus*, 48 F.Supp.2d 393, 395 (S.D.N.Y. 1999) ("*Sierra*") (holding plaintiff's § 1962f(1) claim was time-barred, but stating *in dicta* that attorney fees charged to consumer by debt collector were expressly authorized by agreement creating debt, as required under § 1692f(1), where relevant agreement provided consumer would pay all amounts borrowed when due, as well as collection costs incurred by creditor including reasonable attorney's fees); *Shapiro v. Riddles & Associates, P.C.*, 240 F.Supp.2d 287, 289 (S.D.N.Y.) (holding where evidence established debt collector, prior to sending demand letter to debtor, examined agreement between debtor and creditor to ensure

---

[18] The parties do not discuss that evidence need not be presented to avoid dismissal under Rule 12(b)(6) for failure to state a claim.

agreement authorized attorney/collection fee, screened debtor's account to ensure payment had not been made, and checked that debtor's identifying information was correct, established the collection of the fee was permitted, such that the plaintiff could attack only the amount of the attorney/collection fee), *aff'd*, 351 F.3d 63 (2d Cir. 2003). In contrast to the instant case, however, the fee at issue in *Sierra* was separately agreed to by Plaintiff after having been served with a demand letter from the defendant debt collector seeking to collect on the underlying debt. *Sierra*, 48 F.Supp.2d at 394-95. Further, in *Shapiro*, there was no question the fee at issue was authorized by the agreement pursuant to which the debt was created and there was "undisputed evidence" that the fee was for the defendant debt collector's work in preparing the demand letter. *Shapiro*, 240 F.Supp.2d at 289-90; *Shapiro*, 351 F.3d at 64. In contrast, in the instant case, although the Contract expressly requires Plaintiff, upon defaulting on his unpaid account, "to pay collection costs and reasonable attorney fees incurred in attempting to collect on this amount or on any future outstanding account balances," Contract at 2, the same facts that render Plaintiff's FDCPA claims plausible with regards to the legal fee are the same facts that preclude summary judgment on Defendants' request for attorneys' fees at this time, specifically, whether the $ 489.90 legal fee was actually earned by Defendant in preparing to collect on the unpaid account balance.

In particular, Defendant attempts to establish the legal fee represents approximately 2.5 hours of work expended in preparing to collect on Plaintiff's unpaid account balance with Buffalo Dental, explaining that both attorneys at the Law Firm who worked on the matter, including Radel and one Alan N. Parkin, Esq. ("Parkin"), charged an hourly rate of $ 200, resulting in the Law Firm earning $ 500 by the time the Demand

Letter was sent on March 16, 2018. Radel Affidavit ¶¶ 7-13. This explanation, however, is flatly inconsistent with that of one Kristen Geary ("Geary"), Buffalo Dental's Office Manager who avers that the $ 489.90 is a "collection fee" that, "solely for bookkeeping purposes," was added to Plaintiff's "Single Family Ledger"[19] when Plaintiff's account was sent to the Law Firm for collection on July 31, 2012. Geary Affidavit[20] ¶¶ 12-13. In other words, while Geary maintains the $ 489.90 "collection fee" was assessed on July 31, 2012, Defendant's own breakdown indicates only a total of .6 hours, or $ 120 was assessed as of July 31, 2012, whereas the remaining 1.9 hours, or $ 380, ostensibly was earned by both Radel and Parkin between March 14 and 16, 2018. Radel Affidavit ¶ 7. Nor is there any explanation for the $ 10.10 discrepancy between the $ 500 Defendant maintains was "earned" based on the attorneys' hourly rate of $ 200 and the 2.5 hours of time expended, and the $ 489.90 assessed as the collection fee which, as Plaintiff points out, Amended Complaint ¶¶ 23, 25, 29-33, is precisely 35% of the unpaid account balance, which would have been unreasonable if added to the unpaid account balance prior to Defendant's performance of any collection work. *Id.* ¶¶ 32-34. These discrepancies, suggestive of 'back-pedaling' by Defendant, alleged sufficient facts, taken as true, to "nudge" Plaintiff's FDCPA claims over the line from conceivable to plausible. *Twombly,* 550 U.S. at 570.[21]

---

[19] Filed as Dkt. 3-8 at 5 and 7-9 at 5.
[20] Although the Geary Affidavit is not part of the Complaint, the court may consider it on Defendant's Second Motion seeking dismissal pursuant to Rule 12(b)(6) of the FDCPA claims because the same Geary Affidavit was filed in connection with Defendant's First Motion (Dkt. 3-2), such that the undersigned may take judicial notice of it and Plaintiff had possession of the Geary Affidavit prior to filing the Amended Complaint and relies on it in opposing Defendant's Second Motion. Plaintiff's Response at 7. *See Kalyanaram,* 742 F.3d 44 n. 1 (citing *Chambers,* 282 F.3d at 153)).
[21] Insofar as Defendant relies on *dicta* in *Sierra* as supporting a percentage-based collection fee, Defendant's Second Memorandum at 11 (citing *Sierra*, 48 F.Supp.2d at 396), in that case there was ample evidence the law firm seeking to collect the debt spent three hours on the matter prior to sending the demand letter, and the plaintiff had earlier consented to the collection fee in the same amount set

Furthermore, as Plaintiff alleges, Amended Complaint ¶¶ 35, an "unsophisticated consumer" in receipt of the Demand Letter would be unable to determine the legal fee was the same fee Plaintiff agreed to pay upon signing the Contract on October 3, 2011. The so-called "least sophisticated consumer" standard "is an objective standard pursuant to which FDCPA claims are analyzed, and is designed to protect all consumers, 'the gullible as well as the shrewd.'" *Ellis*, 591 F.3d at 135 (quoting *Jacobson*, 516 F.3d at 90). "The hypothetical least sophisticated consumer does not have 'the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer,' but is neither irrational nor a dolt." *Ellis*, 591 F.3d at 135 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). "While protecting those consumers most susceptible to abusive debt collection practices, [the Second Circuit] has been careful not to conflate lack of sophistication with unreasonableness." *Id.* (quoting *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 190-91 (2d Cir. 2002)). "As such, 'the FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" *Id.* (quoting *Jacobson*, 516 F.3d at 90 (further internal quotation marks and citation omitted)). "Indeed, . . . 'even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Id.* (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (further internal quotation marks and citation omitted)). Here, in light

---

forth in the demand letter. The court further notes that here, Defendant's explanation that the 35% collection fee of $ 489.90 is reasonable as it is a close estimate of the 2.5 hours Defendant purportedly spent reviewing Plaintiff's account with Buffalo Dental and preparing the Demand Letter, multiplied by the $ 200 hourly attorney rate, would not hold assuming, *arguendo*, the same of time is needed to review the unpaid account and prepare a demand letter for an unpaid account balance significantly larger or smaller than Plaintiff's unpaid account balance, resulting, respectively, in either a windfall or loss to the attorney in collecting the fee rather than a reasonable estimate of the fees actually earned.

of the inconsistencies pointed out between the explanations given by Radel and Geary for the legal fee, as well as that the amount of the legal fee is precisely 35% of the unpaid account balance, it is plausible that Defendant's inclusion of the legal fee in determining the subject debt was, at least misleading and, thus, in violation of the FDCPA.

Defendant's Second Motion should thus be DENIED as to Plaintiff's claims predicated on Defendant's attempt to collect on the subject debt, as well as Defendant's request for summary judgment seeking Defendant's costs and attorney fees.

## CONCLUSION

Based on the following, Defendant's First Motion (Dkt. 3) is DISMISSED as moot; Defendant's Second Motion (Dkt. 7) should be GRANTED in part, and DENIED in part; Plaintiff's Motion (Dkt. 8) is DISMISSED as moot.

SO ORDERED, as to
 Defendant's First Motion and
 Plaintiff's Motion.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Defendant's
 Second Motion,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   July 16, 2019
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: July 16, 2019
Buffalo, New York